UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA MIGUEL BAEZ SANCHEZ,

Petitioner,

v.

STEVE HINKLEY et al.,

Respondents.

Case No. 1:26-cv-2229

Honorable Paul L. Maloney

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.8.)[1] In an order entered on August 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.)

[1] With her petition, Petitioner also filed a motion for expedited consideration. (ECF No. 3.) Because this opinion and the accompanying judgment resolve this matter in its entirety, Petitioner's motion (ECF No. 3) is moot.

Respondent Raycraft filed a response on August 12, 2026. (ECF No. 6.) Respondent Hinkley filed a response on August 17, 2026. (ECF No. 8.)

## II. Factual Background

Petitioner is a native and citizen of the Dominican Republic. (Pet., ECF No. 1, PageID.2.) On October 17, 2023, ICE agents encountered Petitioner following her arrest by local law enforcement and learned that Petitioner did not possess any immigration documents that would allow her to be or remain in the United States. (2023 Form I-213, ECF No. 6-1, PageID.44.) ICE agents took custody of Petitioner following her release from local law enforcement and issued Petitioner a Notice to Appear, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) Petitioner was then released from custody on her own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order of Release on Recognizance, ECF No. 6-3, PageID.54–57.)

On June 17, 2026, Customs and Border Protection officers encountered and arrested Petitioner at the Detroit Canada Tunnel, in Detroit, Michigan. (2026 Form I-213, ECF No. 6-2, PageID.49.) On August 10, 2026, the Detroit Immigration Court granted Petitioner's application for pre-conclusion voluntary departure under section 240B(a) of the INA "[u]nder [s]afeguards." (Aug. 10, 2026, Immigration Court Order, ECF No. 6-4, PageID.60–63.) Petitioner was ordered to depart from the United States by September 9, 2026. (*Id.*, PageID.61, 63.) Petitioner waived appeal. (*Id.*, PageID.63.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Discussion**

Petitioner claims that her continued detention without a prompt, individualized custody redetermination hearing violates her Fifth Amendment right to due process. (Pet., ECF No. 1, PageID.7.) Respondent Raycraft counters Petitioner's argument, stating that Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1226(a). (Resp., ECF No. 6, PageID.35.)

Respondent Raycraft acknowledges that, prior to the August 10, 2026, order of the Immigration Judge, Petitioner was detained under § 1226(a). (Resp., ECF No. 6, PageID.36.) As set forth in § 1226(a), a noncitizen "[o]n a warrant issued by the Attorney General may be arrested and detained *pending a decision* on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner is no longer awaiting a decision.

Petitioner sought voluntary departure under "INA § 240B," which is codified at 8 U.S.C. § 1229c. (Aug. 10, 2026, Immigration Court Order, ECF No. 6-4, PageID.61.) Section § 1229c(a)(1) provides in relevant part that "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings." According to the accompanying regulations, the granting of voluntary departure may include the attachment of "any conditions [deemed] necessary to ensure the alien's timely departure from the United States, including the posting of a bond, *continued detention pending departure*, and removal under safeguards." 8 C.F.R. § 240.25(b) (emphasis added).

Here, Petitioner agreed to voluntarily depart the United States and waived appeal of the Immigration Judge's order granting voluntary departure "under safeguards." (Aug. 10, 2026, Immigration Court Order, ECF No. 6-4, PageID.60–63.) The phrase voluntary departure "under safeguards" appears to refer to the procedure involving a noncitizen's detention until departure. *See also Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) (stating that "the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States"); *Hernandez v. Warden, Eden Det. Ctr.*, No. 6:26-cv-00053-H, 2026 WL 593532, at *4 (N.D. Tex. Mar. 3, 2026); *El Badrawi v. United States*, 787 F. Supp. 2d 204, 231–32 (D. Conn. 2011). Should Petitioner wish to withdraw her agreement to voluntary departure, she may do so in the immigration courts. *See Dada v. Mukasey*, 554 U.S. 1, 5–6 (2008) (noting that a noncitizen "must be permitted an opportunity to withdraw the motion for voluntary departure, provided the request is made before the departure period expires") However, there is no indication before the Court that she has withdrawn her agreement.

Accordingly, Petitioner is currently detained under the provisions of her voluntary departure, which includes detention until her departure by September 9, 2026.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 20, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge